UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
BRINK'S GLOBAL SERVICES USA, INC., a :
Delaware Corporation,
                                        :   Civil Action No. 17-CV-6509 (JSR)
            Plaintiff,
                                        :
    -against-
                                        :
MIDWEST GOLDBUYERS, INC., a dissolved
Illinois Corporation,                   :

            Defendant.                  :
---------------------------------------- X

# FIRST AMENDED COMPLAINT

Plaintiff Brink's Global Services USA, Inc. ("Brink's" or "Plaintiff"), by its attorneys, Troutman Sanders LLP, as and for its First Amended Complaint, alleges as follows:

Nature of the Action

1. This is an action for breach of the clear and express terms of a Settlement Agreement and Mutual Release (the "Settlement Agreement").

Parties

2. Plaintiff Brink's is a Delaware corporation with its principal place of business in the Commonwealth of Virginia.

3. Upon information and belief, Defendant Midwest Goldbuyers, Inc. ("Midwest" or "Defendant") is an Illinois corporation with its principal place of business in the State of Illinois.

Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 on the basis of diversity of jurisdiction. The parties are completely diverse and the amount in controversy exceeds $75,000.

5. <u>Complete Diversity Exists</u>.  Brink's is a Delaware corporation with a principal place of business in the Commonwealth of Virginia.  Defendant Midwest is an Illinois corporation with a principal place of business in the State of Illinois.

6. <u>The Amount in Controversy Exceeds $75,000.00</u>.  Pursuant to the Settlement Agreement, Defendant contractually agreed that if it breached a confidentiality provision in the Settlement Agreement, 1) it would forfeit the full amount of the settlement payment made to Defendant by Brink's and 2) it would be liable for any costs or expenses, including attorneys' fees, resulting from the breach.  Defendant breached the contract, including the confidentiality provision, when it filed a lawsuit in Illinois state court on June 25, 2017.  That lawsuit remains pending.  Brink's continues to defend against that lawsuit, as well as enforcing its rights in this Court, and therefore continues to incur attorneys' fees as a result of Defendant's breach.  Accordingly, Brink's is requesting damages that exceed the sum of $75,000, consisting of the full amount of the prior settlement and attorneys' fees incurred to date and on an ongoing basis.

7. Jurisdiction and venue are proper in this Court because defendant contractually agreed, through a forum selection clause in the Settlement Agreement, "that any action, suit or other proceeding arising out of or in connection with this Agreement shall be commenced only in the state or federal courts sitting in New York County, New York and irrevocably submits to the exclusive jurisdiction of said courts."

8. The Settlement Agreement is governed by New York law in accordance with the express choice-of-law provision in that agreement.

## Facts

9. On or about March 8, 2010, Midwest and Brink's entered into a contract for Brink's' delivery of Midwest's merchandise.

10. On September 21, 2011, September 28, 2011, and November 15, 2011, Brink's took possession of and agreed to deliver Midwest's merchandise ("the Shipments").

11. On or about November 15, 2012 Midwest filed a lawsuit against Brink's in the Supreme Court of the State of New York, County of New York bearing Index Number 653947/12 ("the 2012 Lawsuit"). Midwest alleged that each of the Shipments weighed less upon delivery than when Brink's gained possession, resulting in a loss to Midwest.

12. The 2012 Lawsuit was discontinued and settled through the Settlement Agreement, dated January 30, 2017.

13. Section 3 of the Settlement Agreement, entitled "Mutual Releases," releases both parties and their agents from past and future claims relating to the 2012 Lawsuit.

14. Section 5 of the Settlement Agreement, entitled "Confidentiality," prohibits the parties from disclosing information related to the 2012 Lawsuit or the transactions underlying the 2012 Lawsuit.

15. Section 5 of the Settlement Agreement also prohibits the parties from disclosing the terms and conditions of the Settlement Agreement.

16. Section 5 of the Settlement Agreement further provides that if Midwest breaches the confidentiality provision of the Settlement Agreement it shall immediately forfeit the full settlement amount (the "Settlement Amount") and shall be liable for Brink's costs and expenses relating to the breach, including attorneys' fees.

17. On or about June 25, 2017, Midwest commenced an action against Claude Birge ("Birge"), who was an employee and agent of Brink's when the Shipments took place ("the 2017 Lawsuit").

18. The 2017 Lawsuit violates the Mutual Releases in the Settlement Agreement.

19. The 2017 Lawsuit contains matter protected from public disclosure under the Confidentiality provision of the Settlement Agreement.

20. In the 2017 Lawsuit, Defendant alleges that, during the course of the Shipments, Birge took Midwest's merchandise without permission and for his own benefit.

21. The allegations in Midwest's Complaint are directly related to the 2012 Lawsuit and in violation of the Settlement Agreement, which constitutes a violation of a covenant not to sue and a breach of the confidentiality provision.

## Count I
### (Breach of Contract - Mutual Release)

22. Plaintiff repeats and realleges the allegations in paragraphs 1 through 22 above as if fully set forth herein.

23. Defendant has breached the terms and conditions of the Settlement Agreement by filing suit against Claude Birge, an agent of Brink's.

24. The 2017 Lawsuit constitutes a breach of contract, specifically the mutual release of claims, and is actionable according to New York law.

25. By reason of Defendant's breach, Plaintiff is entitled to, and requests, judgment against Defendant in the amount of (i) the full Settlement Amount, (ii) Brink's' attorneys' fees relating to the 2017 Lawsuit and (iii) Brink's' attorneys' fees incurred in bringing this action.

## Count II
### (Breach of Contract - Confidentiality Provisions)

26. Plaintiff repeats and realleges the allegations in paragraphs 1 through 26 above as if fully set forth herein.

27. The 2017 Lawsuit constitutes a breach of the confidentiality provisions contained in the Settlement Agreement.

28.     By reason of Defendant's breach, Plaintiff is entitled to, and requests, judgment against Midwest in the amount of (i) the full Settlement Amount, (ii) Brink's' attorneys' fees relating to the 2017 Lawsuit and (iii) Brink's' attorneys' fees incurred in bringing this action.

### Count III
**(Declaratory Judgment)**

29.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 29 above as if fully set forth herein.

30.     A substantial, justifiable and actual controversy exists between Plaintiff and Midwest concerning the validity and enforceability of the Settlement Agreement.

31.     Plaintiff has fulfilled its obligations under the Settlement Agreement.

32.     By contrast, when Midwest filed the 2017 Lawsuit against Brink's agent, which included information protected from public disclosure under the Confidentiality provision of the Settlement Agreement, it proceeded as if the Settlement Agreement had no force and effect.

33.     Plaintiff is entitled to declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), declaring that the Settlement Agreement is and remains valid and has full force and effect over the Parties, their agents, and other individuals listed in the Settlement Agreement and affected by its terms.

### Count IV
**(Preliminary and Permanent Injunction)**

34.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 34 above as if fully set forth herein.

35.     Pursuant to the Settlement Agreement, Midwest contractually agreed to release Brink's and its agents from past and future claims related to the 2012 Lawsuit, and to keep the facts underlying the Settlement Agreement confidential.

36. Unless enjoined and restrained, Midwest will proceed with the 2017 Lawsuit even though Midwest has agreed to release Claude Birge, an agent of Brink's from liability. Further, confidential information will continue to be made public.

37. As a result of having to defend against the 2017 Lawsuit and the actual and threatened disclosure of confidential information, Plaintiff will suffer irreparable and immediate injury, loss and damage for which it has no adequate remedy at law.

38. Plaintiff moves the Court to enter a preliminary and permanent injunction enjoining Midwest from (i) maintaining or prosecuting its suit against Claude Birge, in the lawsuit titled *Midwest Goldbuyers, Inc., v. Claude Birge*, Case No. 2017-L-005362, filed in the Circuit Court of Cook County, Illinois, Law Division and (ii) disclosing confidential information in violation of the terms of the Settlement Agreement.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against Defendant as follows:

A. Awarding Plaintiff damages consisting of the full amount of the Settlement Amount, attorneys' fees associated with the 2017 Lawsuit, plus such additional costs and expenses as may be incurred to the date of judgment as determined by the trier of fact, plus interest;

B. Awarding Plaintiff the costs and expenses of this action, including attorneys' fees;

C. A declaratory judgment that the Settlement Agreement is and remains valid and has full force and effect over the Parties, their agents, and other individuals listed in the Settlement Agreement and affected by its terms;

D. A preliminary and permanent injunction enjoining Midwest from (i) maintaining or prosecuting its suit against Claude Birge, in the lawsuit titled *Midwest Goldbuyers, Inc., v.*

*Claude Birge*, Case No. 2017-L-005362, filed in the Circuit Court of Cook County, Illinois, Law Division and (ii) disclosing confidential information in violation of the terms of the Settlement Agreement; and

  E. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
   October 16, 2017

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York  10022
212-704-6000


By:*/s/ Stephen G. Rinehart*
  Stephen G. Rinehart
  stephen.rinehart@troutmansanders.com

  Attorneys for Plaintiff
  Brink's Global Services USA, Inc.