UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
BRINK'S GLOBAL SERVICES USA, INC., a :
Delaware Corporation,

                  Plaintiff, : Civil Action No. 17-CV-6509 (JSR)

    -against-

MIDWEST GOLDBUYERS, INC., a dissolved :
Illinois Corporation,

                  Defendant.
------------------------------------- X

## DECLARATION OF FRANK RUSSO IN SUPPORT OF BRINK'S MOTION FOR PRELIMINARY INJUNCTION

I, Frank Russo, pursuant to 28 U.S.C. § 1746 state as follows:

1. I am a legal adult of sound mind and am a resident of the Commonwealth of Virginia.

2. I am in-house counsel for The Brink's Company ("Brink's"), a corporation incorporated in the Commonwealth of Virginia, with its corporate headquarters in Richmond, Virginia. Brink's Global Services USA, Inc. ("Brink's Global") is a wholly owned subsidiary of Brink's. I am fully familiar with the facts set forth herein on the basis of either my personal knowledge or the business records of Brink's. If called upon to testify, I could and would testify competently to the facts set forth herein.

3. I submit this Declaration in support of Brink's Global's Motion for a Preliminary Injunction.

4. On November 15, 2012, Plaintiff Midwest Gold Buyers, Inc. ("Midwest") filed suit against Brink's Global in an action in the Supreme Court, State of New York bearing index number 653947/2012 (the "2012 Lawsuit").

5. Brink's Global and Midwest entered into a Confidential Settlement Agreement and Mutual Release (the "Settlement Agreement") resolving the 2012 Lawsuit.

6. Under the Settlement Agreement, Brink's paid Midwest in exchange for a promise that Brink's and its agents would not be forced to litigate these issues in the future, that the facts of the dispute would be kept confidential, and that any dispute regarding the Settlement Agreement would be filed in a New York court.

7. Midwest, by signing the Settlement Agreement, released all of its past and future claims against Brink's Global's contractors and agents, which includes Birge, with respect to the issues involved in the 2012 Lawsuit.

8. Midwest, by signing the Settlement Agreement, agreed that the information related to the 2012 Lawsuit and the underlying transaction would be confidential, and that if Midwest breached the confidentiality provision it would forfeit the settlement payment and would be liable for Brink's costs and expenses relating to the breach, including attorneys' fees.

9. The parties agreed that the Settlement Agreement is governed by New York law and that New York courts have exclusive jurisdiction for any action arising from the Settlement Agreement.

10. The mutual release, confidentiality, and venue clause are material terms of the Settlement Agreement. But for these terms, Brink's would not have agreed to execute the Settlement Agreement and remit funds to Midwest.

11. The mutual release allows Brink's to operate its business without the distraction or cost associated with future litigation. Breach of the mutual release has resulted in irreparable injury to Brink's, including denial of its benefit under the Settlement Agreement.

12. Confidentiality ensures that Brink's proprietary business information will not be disclosed and that the 2012 Lawsuit, including the underlying facts and transactions could not be used against Brink's by other parties, including Midwest, in future litigation.

13. Confidentiality is a material term because once confidential information is made public, disclosure cannot be reversed. Brink's will suffer an irreparable injury if confidential information is disclosed.

14. Midwest has disclosed and threatens to disclose confidential information as part of the 2017 Lawsuit.

15. Brink's has been denied its bargained for benefit of venue due to the 2017 Lawsuit.

16. Claude Birge was an agent of Brink's in 2011 during all relevant times.

17. In May 2017, Midwest filed a complaint against Birge (the "Illinois Complaint," attached hereto as **Exhibit A**) in the Circuit Court of Cook County, Illinois bearing docket number 2017-L-005362 (the "2017 Lawsuit") relating to the exact same transactions that were the subject of the 2012 Lawsuit.

3

18. Brink's has been forced to divert business resources, including time, to defend against the 2017 Lawsuit.

19. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: October 27, 2017

Frank Russo

33072989

4